IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANAILY PEREZ-DORTA,

     Petitioner,

v.                                  No. 2:26-cv-01619-DHU-KK

MARWAYNE MULLIN, Secretary of the United States
Department of Homeland Security, in his official capacity;
SIRCE OWEN, Acting Director of Executive Office for
Immigration Review, in her official capacity; and DORA
CASTRO, Warden of the Otero County Processing Center,
in her official capacity,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Anaily Perez-Dorta's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court GRANTS the Petition.

Petitioner is native and citizen of Cuba who entered the United States without inspection on or about October 27, 2021. *Id.* ¶¶ 11, 14. After entering, Petitioner was detained by the Department of Homeland Security ("DHS"), issued a Notice to Appear, which charged her as being a noncitizen present without admission or parole, and placed in removal proceedings. *Id.* ¶ 15; Doc. 1-3 at 1. A few months later, on January 13, 2022, Petitioner was released on an Order of Release on Recognizance. Doc. 1.¶ 16; Doc. 1-4 at 1. Petitioner complied with all of the conditions of her release. Doc. 1 ¶ 16.

While released, Petitioner pursued immigration relief with the Immigration Court. *Id.* ¶ 17. An Immigration Judge ultimately denied Petitioner relief and entered an Order of Removal. *Id.* Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"), which remains

1

pending. *Id.* Accordingly, Petitioner's  Order of Removal is not final. *See* 8 U.S.C. § 1101(47)(B) (noting that an Order of Removal "shall become final upon the earlier of . . . a determination by the Board of Immigration Appeals affirming such order"); *see also* 8 CFR § 1241.1(a) ("An order of removal made by the [I]mmigration [J]udge at the conclusion of proceedings under [S]ection 240 of the [Immigration and Nationality] Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals.").

Approximately four and half years after her release, Petitioner was re-detained by Immigration and Customs Enforcement ("ICE") at a scheduled check-in. Doc. 1 ¶ 18. Petitioner was not provided with notice or a hearing. *Id.* She was eventually transferred to the Otero County Processing Center in Chaparral, New Mexico, where she remains detained. *Id.*; Doc. 1-6 at 1.

On May 20, 2026, Petitioner filed the instant Petition, where she, among other things, argues that her re-detention violates the Due Process Clause of the Fifth Amendment. Doc. 1 ¶¶ 22-32. Petitioner specifically argues that Respondent's decision to release her, and the years that she spent released, created a substantial liberty interest protected by the Fifth Amendment. *Id.* ¶¶ 24-25. She further argues that Respondents were required to provide her with a meaningful individualized assessment, i.e. a hearing, prior to re-detaining her. *Id.* ¶¶ 29-30. She requests a Writ of Habeas Corpus ordering Respondents to immediately release her from custody *Id.* ¶ 56.

This case is not the first of its kind in this Court. This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No.

2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in October 2021, was detained within the United States, and was subsequently released on her own recognizance for approximately four and half years, developed a protected liberty interest in her release. She was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide such notice and pre-deprivation hearing violated her procedural due process rights. The Court will, therefore, order her immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject her to the same terms as her original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide her with notice and demonstrate,

by clear and convincing evidence at a pre-deprivation hearing, that she is a danger to the community or a flight risk.

       **IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Friday, July 3, 2026, confirming Petitioner's timely release.

       **IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE